CHARLES J. SCHUCK, Judge,
dissenting.
I cannot agree with the conclusion reached by the majority of the court in this case, since the evidence in my judgment, does not sustain the proposition that the slipping of the earth and the cracking of the porch attached to the house was caused *202 by filled-in dirt as maintained during the course of the hearing by the respondent. The testimony offered to sustain this theory was, in my judgment, lamentably weak, and in some instances not worthy of consideration, since the resident engineer himself, who was the principal witness in suport of the theory in question, had to admit that the blueprints which he introduced to sustain his contention did not bear out his theory of the case, and his testimony with reference to logs and grass decaying ten years after the house in question was built was so highly improbable as to make this part of his testimony unworthy of serious consideration.
The home of the claimants was built in 1929, and the uncontradicted testimony of the witnesses is that up to the year 1941, at which time the national road was widened and the excavation complained of took place, no defect or cracks of any kind had been shown either- in the porch or the house and that shortly after the said changes in the national road, the damages to the property in question took place. This physical fact stands out as an uncontradicted feature that is so strong and convincing as to compel me to reach a conclusion contrary to that maintained by the majority. Independently of all other testimony, this -physical fact in bold relief, points the way to the proper solution of the issues here involved. I repeat that the testimony of the resident engineer, to the effect that logs and slipping grass and dirt that was put upon the adjacent property from the excavation for the cellar and basement of the house caused the damage complained of, is too far fetched, as shown by his.own testimony and not supposed by the outstanding fact just referred to; on the other hand, a reputable engineer who testified for the claimant gave if as his opinion, without qualification, that the work done by the respondent at the time that the road was widened and somewhat changed in the year 1941, was undoubtedly the cause of the damage to the property for which this claim is now presented.
In view of these conditions and deductions, I am unable to agree with the majority opinion and therefore dissent. In my judgment an award should be made.